**SANDERS LAW GROUP**
Craig Sanders, Esq. (Cal Bar 284397)
    csanders@sanderslaw.group
Jacqueline Mandel, Esq. (Cal Bar 317119)
    jmandel@sanderslaw.group
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
File No.: 129315

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cate Brown,<br><br>Plaintiff,<br><br>v.<br><br>B R Printers, Inc., Corkcicle, LLC,<br><br>Defendants. | Case No: 3:24-cv-01932-CRB<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Charles R. Breyer |

Plaintiff Cate Brown ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant B R Printers, Inc. ("*B R Printers*") and defendant Corkcicle, LLC ("*Corkcicle*") (hereinafter referred to as "*Defendants*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §501.

2. Plaintiff created a photograph of a woman posing on the beach with a tumbler style cup (the "*Photograph*") for a Corkcicle advertisement in which

Plaintiff owns the rights and licenses for various uses including online and print publications.

3. B R Printers is a printing company which owns and operates a website at domain www.casadm.com (the "*Website*").

4. B R Printers owns and operates a Facebook account with the name "@casadelmarsandeigo" at domain www.facebook.com ("*Account 1*").

5. B R Printers owns and operates an Instagram account with the name "@casadm" at domain www.instagram.com ("*Account 2*").

6. B R Printer owns and operates a LinkedIn account with the name "Casa del Mar – Exploration in Promos" at domain www.linkedin.com ("*Account 3*").

7. Defendants, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website as well as the Accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8. Plaintiff Cate Brown is an individual who is a citizen of the State of Rhode Island and resides in Washington County, Rhode Island.

9. Upon information and belief, Defendant B R Printers, Inc. is a California corporation with a principal place of business at 665 Lenfest Road, San Jose in Santa Clara County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

10. Upon information and belief, Defendant Corkcicle, LLC is a Delaware limited liability company with a principal place of business at 1300 Brookhaven Drive in Orlando, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12. This Court has personal jurisdiction over Defendants because it maintains its principal place of business in California.

13. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant B R Printers does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

14. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

15. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

16. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

17. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

18. On June 8, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

19. Plaintiff was hired by Corkcicle to author photographs for Corkcicle Cold Cup XL elevated UGC digital campaign.

20. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

21. On September 13, 2023, the Photograph was registered by the USCO

under Registration No. VA 2-368-403.

22. Plaintiff published the Photograph by commercially licensing it to Corkcicle for the purpose of display and/or public distribution.

23. Plaintiff's licensing agreement with Corkcicle for these photographs provided that "[n]o other rights granted for sublicense, sale, transfer, or third party. All third party inquiries should be redirected to the photographer".

**B.     Defendants' Infringing Activity**

24. Corkcicle exceeded the scope of its license with Plaintiff by using, publishing, communicating, posting, publishing, and otherwise holding out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority to do.

25. Corkcicle provided the photographs authored by Plaintiff to third parties such as Gemline for sale and distribution without authorization from Plaintiff.

26. Corkcicle obtained a financial benefit due to its infringing activity.

27. B R Printers is the registered owner of the Website and is responsible for its content.

28. B R Printers is the operator of the Website and is responsible for its content.

29. The Accounts are part of and used to advance B R Printers's commercial enterprise.

30. The Website is a key component of B R Printers's popular and lucrative commercial enterprise.

31. The Website is monetized in that sells merchandise to the public and, upon information and belief, B R Printers profits from these activities.

32. The Website as well as the Accounts are monetized in that they promote the business to the public and, upon information and belief, B R Printers profits from these activities.

33. On or about July 28, 2023, B R Printers displayed the Photograph on the Website as part of an on-line gallery at URL: https://www.casadm.com/ideas ("*Infringement 1*"). A copy of a screengrab of the Website including the Photograph is attached hereto collectively as Exhibit 2.

34. The Photograph was stored at URL: https://images.squarespace-cdn.com/content/v1/584067b2b3db2b7f14461c07/1690571487045-NK2XOAEJ0OEG0OULLRXK/image-asset.jpeg?format=1500w.

35. Further, B R Printers displayed the Photographs on the Accounts as part of social media posts at URLs: https://www.facebook.com/CasaDelMarSanDiego/posts/786187633508077 ("*Infringement 2*"); https://www.instagram.com/p/CvQIJcENL4u/ ("*Infringement 3*"); and https://www.linkedin.com/posts/casa-del-mar-exploration-in-promos_drinkware-cancooler-tumbler-activity-7090767901825134593-9Eaw?trk=public_profile_like_view ("*Infringement 4*"). Copies of screengrabs of the Accounts including the Photograph are attached hereto collectively as Exhibit 2.

36. Upon information and belief, B R Printers obtained the Photograph from Gemline who did not have a license to display, store, or sell the Photograph.

37. Without permission or authorization from Plaintiff, B R Printers volitionally copied and displayed Plaintiff's copyright protected Photograph on the Website as well as the Accounts.

38. Plaintiff first observed and actually discovered the Infringements on November 26, 2023.

39. Upon information and belief, the Photograph was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

40. The Infringements include a URL ("*Uniform Resource Locator*") for a

fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

41. The Infringements are copies of Plaintiff's original image with the addition of B R Printers's text and logo that were directly copied and displayed by B R Printers on the Website as well as the Accounts.

42. Upon information and belief, B R Printers takes an active and pervasive role in the content posted on its Website as well as its Accounts, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photograph.

43. Upon information and belief, the Photograph was willfully and volitionally posted to the Website as well as the Accounts by B R Printers.

44. Upon information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent.

45. Corkcicle cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since it knew the Photograph was owned by Plaintiff.

46. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

47. Upon information and belief, B R Printers has the legal right and ability to control and limit the infringing activities on its Website as well as its Accounts and exercised and/or had the right and ability to exercise such right.

48. Upon information and belief, B R Printers monitors the content on its Website as well as the Accounts.

49. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringements.

50. Upon information and belief, the Infringements increased traffic to the Website as well as the Accounts and, in turn, caused B R Printers to realize an increase in its revenues.

51. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website as well as the Accounts.

52. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

53. Defendants' use of the Photograph harmed the actual market for the Photograph.

54. Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

55. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

56. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

58. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

59. Plaintiff has not granted Defendants a license or the right to use the Photograph in the manner in which it was used, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendants.

60. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and

illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

61. Defendants' reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

62. Upon information and belief, Defendants willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendants used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website as well as the Accounts.

63. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c).

64. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

65. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.    finding that Defendants infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

    d.    for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

    e.    for pre-judgment interest as permitted by law; and

    f.    for any other relief the Court deems just and proper.

DATED: June 10, 2024

**SANDERS LAW GROUP**

By:   */s/ Jacqueline Mandel*
Craig Sanders, Esq. (Cal Bar 284397)
Jacqueline Mandel, Esq. (Cal Bar 317119)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
Email: jmandel@sanderslaw.goup
File No.: 129315

*Attorneys for Plaintiff*